United States District Court
Southern District of Texas
**ENTERED**
October 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| Landstar Ranger, Inc., *Plaintiff,* | § § § § § § § § | |
| v. | | Civil Action M-23-228 |
| MDZ Logistics, LLC *Defendant.* | | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 6. Pending before the court is Plaintiff's Motion for Default Judgment. ECF No. 9. The court has considered the motion and the applicable law. The court recommends that the motion be **GRANTED**.

### 1. *Factual Background*

In this breach of contract case, Plaintiff Landstar Ranger, Inc. alleges that it entered various transportation contracts with Defendant MDZ Logistics, LLC. Compl., ECF No. 1 at 2–3. Plaintiff alleges that it provided transportation services and submitted invoices totaling $120,931.00 to Defendant. *Id.* Plaintiff alleges that, despite demanding payment from Defendant and the Defendant's acceptance of the invoices without objection, Defendant has not paid the amount owed. *Id.*

### 2. *Legal Standards*

Plaintiff moves for default judgment under Federal Rule of Civil Procedure 55. ECF No. 9 at 4. Default judgments are a drastic remedy and are disfavored. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Before entering a default judgment, the court must determine: (1) if default judgment is procedurally appropriate; (2) if plaintiff has presented a colorable claim; and (3)

how to calculate damages. *Vela v. M&G USA Corp.*, No. 2:17-CV-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020). The court must consider relevant factors including:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. A default judgment "must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Well-pleaded factual allegations are assumed to be true, except regarding damages. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

Before a default judgment can be entered, the plaintiff must file an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit . . . [or] stating that the plaintiff is unable to determine whether or not the defendant is in military service." 50 U.S.C. §§ 3931(b)(1)(A)–(B). "If based upon the affidavits . . . the court is unable to determine whether the defendant is in military service, the court, before entering judgment, may require the plaintiff to file a bond in an amount approved by the court." *Id.* § 3931(b)(3).

### 3. Analysis
#### A. Default Judgment is Procedurally Appropriate

Rule 55 directs the clerk to enter a party's default "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[] and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). The clerk entered Defendant's default. ECF No. 8.

Plaintiff has shown that Defendant was personally served with the lawsuit. ECF No. 5 at 2 (return of service). Defendant was also properly served with the instant motion by certified mail, return receipt requested, at the same address where he was personally served with the lawsuit. ECF No. 9 at 8; Local Rule 5.5 ("Motions for default judgment must be served . . . by certified mail (return receipt requested)). Plaintiff has filed an affidavit and a status report from the Department of Defense Manpower Data Center stating that Defendant's sole managing member, Joseph Alexander Mendez, is not in active duty service. ECF Nos. 9-6–9-7. Plaintiff states that Mendez is not a minor or incompetent person. ECF No. 9 at 5–6. The docket report shows that Defendant has not filed an answer or taken any action indicating an intent to defend. Therefore, the court concludes that default judgment is procedurally appropriate.

### B. Plaintiffs Present a Colorable Claim

To present a colorable claim for breach of contract, Plaintiff must show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). "A breach occurs when a party fails to perform a duty required by the contract." *Id.* (quoting *Hoover v. Gregory*, 835 S.W.2d 668, 677 (Tex. App.—Dallas 1992, writ denied)). The court takes all well-pleaded factual allegations to be true, except regarding damages. 814 F.2d at 1014.

Plaintiff satisfies the foregoing by stating that it provided transportation services pursuant to transportation contracts and

3

that Defendant failed to pay the amount owed. Plaintiff has presented a colorable claim but must still prove its damages.

### C. *Calculation of Damages*

Plaintiff claims damages of $120,931.00 resulting from twenty-nine different transportation contracts. ECF No. 9 at 2. Plaintiff has provided an affidavit from Spryte Kimmey, Vice President, Accounts Receivable. ECF No. 9-8. Kimmey testifies regarding the contracts and confirms the total amount owed by Defendant. *Id.* The contract invoices themselves were also provided and authenticated by Kimmey. ECF No. 9-9. The court has reviewed all twenty-nine invoices and confirms that the total amount owed to Plaintiff is $120,931.00.

Plaintiff also seeks to recover attorney fees of $3,792.00 for prosecuting its breach of contract claim. ECF No. 9 at 6; Tex. Civ. Prac. & Rem. Code § 38.001(8) (permitting recovery of reasonable attorney fees for contract claims). Plaintiff points to Exhibits A and A-4, which Plaintiff states are the affidavit of attorney Vic Houston Henry and the corresponding account statement. ECF No. 9 at 7. While Exhibit A-4 appears to be the account statement for legal services provided to Plaintiff, Exhibit A is Henry's affidavit regarding the Servicemembers' Civil Relief Act and Mendez's military status. ECF Nos. 9-1, 9-5. Exhibit A appears to be a duplicate of Exhibit B. ECF No. 9-6.

The court has reviewed all the exhibits and does not find an affidavit from Henry regarding attorney fees. As such, the court cannot evaluate the reasonableness of the attorney's hourly rate, the number of hours expended, or the *Johnson* factors. *See Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974). Although the court does not award attorney fees at this time, Plaintiff may file a post-judgment motion with all necessary exhibits in accordance with Federal Rule of Civil Procedure 54(d).

4

### *4. Conclusion*

For the foregoing reasons, the court recommends that Plaintiff's Motion for Default Judgment, ECF No. 9, be **GRANTED** except as to the claim for attorney fees.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on October 27, 2023.

Peter Bray
United States Magistrate Judge